## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOYE WILLIAMS,                          :
                                        :
      **Plaintiff**               :
                                        :
      v.                         :     **CIVIL NO. 3:10-CV-1472**
                                        :
SUPERINTENDENT KLOPOTOSKI,              :     (Judge Munley)
et al.,                                 :
                                        :
      **Defendants**             :

## MEMORANDUM
### Background

Joye Williams ("Plaintiff") initiated this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 regarding his prior confinement at the State Correctional Institution, Dallas, Pennsylvania ("SCI-Dallas").[1] Service of the Complaint was previously ordered. Presently pending is Defendants' motion seeking dismissal of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Doc. 17.

Named as Defendants are the following SCI-Dallas officials: ex-Superintendent Klopotoski; Major MaHally, as well as Lieutenants Bleich and Mosier. Plaintiff states that he was transferred to SCI-Dallas in September, 2007. Approximately one year later, Williams was assigned to a single cell in the SCI-Dallas Restricted Housing Unit ("RHU"). See Doc. 2, ¶ 13. His Complaint asserts that every day during the eight (8) months he was confined in the RHU the

---

[1] Williams is presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield).

1

main florescent lights were kept on from 6:00 a.m. until 12:00 p.m.[2]  Although Plaintiff

acknowledges that security night lights are permitted to remain on at all times in the RHU, he

contends that the policy/practice  of allowing the bright florescent main lights to be kept on for

18 hours each day is unconstitutional.  See id. at ¶ 21.  Williams alleges that there is no legitimate

penological justification for the excessive lighting which purportedly caused him to suffer lack of

sleep, optical problems including seeing spots and perceptual spheres, headaches, a stoppage of

sensory stimulation, and lack of concentration.[3]  He concludes that the "constant illumination"

and Defendants' deliberate indifference to the situation violated his rights under the Eighth

Amendment.  Id. at ¶ 34.  His Complaint further asserts that Superintendent Klopotoski and

Lieutenant Mosier acted improperly when they denied his administrative grievances wherein he

complained about the alleged excessive lighting.  As relief, Plaintiff seeks compensatory and

punitive damages as well as declaratory relief.


### Discussion

Defendants contend that they are entitled to an entry of dismissal on the grounds that: (1)

the claims against them in their official capacities are barred by the Eleventh Amendment; (2)

any attempt to establish liability against Defendants Klopotoski and Mosier solely based upon

their denial of Plaintiff's administrative grievances and appeals is insufficient for purposes of §

1983; and (3) a viable Eighth Amendment claim has not been raised in the Complaint.

---

[2]  It appears that in light of his assertion that the lights were kept on 18 hours a day Plaintiff is alleging that they were on from 6:00 a.m. until 12:00 a.m. (midnight).

[3]  The Complaint adds that Williams has been placed on multiple medications due to the physical problems caused by the purportedly excessive lighting.

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Twombly, 550 U.S. at 556. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562.

A civil rights complaint should allege the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950, see also Phillips v. County of Allegheny,

3

515 F.3d 224, 234 (3d Cir. 2008). It is additionally noted that pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Eleventh Amendment**

The initial argument asserted by Defendants is that Plaintiff's action to the extent that it asserts claims against them in their official capacities is barred by the Eleventh Amendment. See Doc. 18, p. 10. Plaintiff opposes this argument on the basis that his request for declaratory relief is not precluded by the Eleventh Amendment. See Doc. 20, p. 3.

The Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages. Walker v. Beard, 244 Fed. Appx. 439, 440 (3d Cir. 2007); see also A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003). Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency. Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989); Garden State Elec. Inspection Serv. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005). As such, Williams' damage claims brought against Defendants in their official capacities are considered to be against the state itself and are barred by the Eleventh Amendment.

However, this Court agrees with Plaintiff that his claim for declaratory relief against Defendants in their official capacities is not barred by the Eleventh Amendment. See Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

**Personal Involvement**

Defendants' second argument is that the Complaint should be dismissed to the extent that it seeks to assert claims against Defendants Klopotoski and Mosier based upon their unfavorable response to Plaintiff's administrative grievances and appeals. See Doc. 18, p. 7.

4

A plaintiff, in order to state an actionable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).[4]   Based upon the standards announced in Rode, any attempt by Plaintiff to establish liability against Superintendent Klopotoski or Lieutenant Mosier solely based upon their respective supervisory capacities within SCI-Dallas would be subject to dismissal.

With respect to Defendants' pending argument, inmates do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119,

---

[4] As explained in Rode:
> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

5

137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.").

Consequently, any attempt by Plaintiff to establish liability against Defendants Klopotoski and Mosier solely based upon the substance of, or lack of their respective responses to grievances or administrative appeals which they received from Inmate Williams does not support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Accordingly, dismissal in favor of those Defendants for any claims stemming from their review or receipt of Plaintiff's grievances and complaints is appropriate.

**Eighth Amendment**

Defendants argue that because "the main lighting is necessary for staff and inmates to do their daily activities" and the security lights in the RHU cells "are also necessary so that staff can see into cells during the night," entry of dismissal is warranted. Doc. 18, p. 3. They add that courts have upheld the constitutionality of security night lights.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832

6

(1994); Helling v. McKinney, 509 U.S. 25, 31 (1993).  Prison conditions may amount to cruel

and unusual punishment if they cause "unquestioned and serious deprivations of basic human

needs ... [that] deprive inmates of the minimal civilized measure of life's necessities." Tillman v.

Lebanon County Correctional Facility, 221 F.3d 410 (3d Cir. 2000).

In reviewing conditions of confinement claims, courts have stressed that the duration of

the complainant's exposure to the alleged unconstitutional conditions and the "totality of the

circumstances" are critical to a finding of cruel and inhumane treatment.  Moreover, the focus

must be on the deprivation of a particular basic necessity.  As explained in Wilson v. Seiter, 501

U.S. 294, 304-05 (1991):

> Some conditions of confinement may establish an Eighth
> Amendment violation 'in combination' when each would not do so
> alone, but only when they have a mutually enforcing effect that
> produces the deprivation of a single, identifiable human need such
> as food, warmth, or exercise – for example, a low cell temperature
> at night combined with a failure to issue blankets. To say that some
> prison conditions may interact in this fashion is a far cry from
> saying that all prison conditions are a seamless web for Eighth
> Amendment purposes. Nothing so amorphous as 'overall
> conditions' can rise to the level of cruel and usual punishment
> when no specific deprivation of a single human need exists.

In addition to showing conditions that pose a risk of serious harm, the inmate must show that the

prison official responsible for the conditions of confinement acted with "a sufficiently culpable

state of mind." Id. at 298.  A prison official violates the Eighth Amendment when he acts with

deliberate indifference to a known objectively serious risk to a prisoner's health or safety.  See

Farmer, 511 U.S. at 837; Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001).  This

requirement of actual knowledge means that "the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." Farmer, 511 U.S. at 837.

7

**Security Lights**

Defendants contend that "continuous illumination from a night light or security light in an inmate's cell did not constitute cruel and unusual punishment." Doc. 18, p. 4. They acknowledge that although the security lights are always kept on, the wattage is minimal, there is a legitimate security need to operate the security lights and the low wattage poses no serious health problem. Plaintiff's opposing brief states that his claim of "constant illumination" is not based upon the night security lights being kept on but rather because "the Main Lights are on" and there is no way "to block the glare." Doc. 20, p. 2.

It has been recognized that "continuous exposure to low wattage night time security lighting may be permissible based on legitimate security concerns." <u>Sims v. Piazza</u>, 2009 WL 3147800 *23 (M.D. Pa. Sept. 28, 2009)(Kosik, J.); <u>King v. Frank</u>, 371 F. Supp.2d 977, 984-85 (W.D. Wisc. 2005). Similarly, in <u>Brown v. Martinez</u>, 2007 WL 2225842 * 8 (M.D. Pa. July 31, 2007) it was concluded that the presence of a 15 watt security night light in a prisoner's cell was necessary for night time institutional security and thus did not give rise to a constitutional violation.

Based upon an application of those rulings as well as Plaintiff's contention that the basis of his present claim is not the use of night security lighting in the individual RHU cells but rather the employment of the main hallway lights for 18 hours a day, the motion to dismiss will be granted with respect to any claim regarding the use of night security lights in Plaintiff's RHU cell.

**Main Lights**

According to the Complaint, the main fluorescent lights used in the SCI-Dallas RHU hallways employ 64 watt bulbs which are kept on 18 hours each day. Plaintiff alleges that due to

this allegedly excessive lighting, he developed multiple health problems. The final argument for dismissal presented by Defendants is that the main florescent lights in the hallways are necessary for institutional security because there is a lack of natural lighting in the RHU.

The Third Circuit Court of Appeals has recognized that requiring inmates to live in constant illumination may under certain circumstances rise to the level of a constitutional violation. Bacon v. Minner, 229 Fed. Appx. 96, 100 (3d Cir. 2007); see also Sims, 2009 WL 3147800 *23. However, in Bacon, the Court concluded that a claim that the main lights in a segregated housing unit which "were turned on between the hours of 8:30 am and 11:30 pm" as well as between "4:45 am and 7:00 am" did not rise to the level of a constitutional violation because the plaintiff did not allege that he was subject to constant illumination or had suffered any significant medical problem due to the purportedly excessive illumination. The Court concluded that Inmate Bacon's claims "were not objectively serious to warrant constitutional protection." Id.

Unlike Bacon, the present Complaint claims that the purported excessive lighting caused Williams to suffer lack of sleep, optical problems including seeing spots and perceptual spheres, headaches, a stoppage of sensory stimulation, and lack of concentration. Moreover, Plaintiff alleges that he was prescribed multiple medications for his resulting conditions.

Given that this Court is required when considering a motion to dismiss, to accept as true the allegations in the Complaint that the main SCI-Dallas RHU lights had much greater wattage than the night time security lights, were left on 18 hours a day, and caused Plaintiff to suffer multiple medical problems, the claim that the main lights in the RHU violated Williams' rights under the Eighth Amendment is sufficient to withstand scrutiny under Rule 12(b)(6). See Erler v. Dominguez, 2011 WL 781528 * 6 (N.D. Ind. Feb. 28, 2011)

9

**Conclusion**

The motion to dismiss will be granted in part.  Williams' damage claims brought against Defendants in their official capacities are considered to be against the state itself and are barred by the Eleventh Amendment.  However, Plaintiff's claims for declaratory relief against Defendants in their official capacities are not precluded by the Eleventh Amendment and will proceed. Dismissal is granted in favor of Defendants Klopotoski and Mosier with respect to  any claims solely stemming from their review of Plaintiff's grievances and administrative appeals.

However, Defendants' motion is denied with respect to Plaintiff's contention that the main lights in the SCI-Dallas RHU violated his Eighth Amendment rights.  An appropriate Order will enter.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

DATED: MAY 18, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOYE WILLIAMS,                          :
                                        :
          Plaintiff                     :
                                        :
     v.                                 :     CIVIL NO. 3:10-CV-1472
                                        :
SUPERINTENDENT KLOPOTOSKI,              :     (Judge Munley)
et al.,                                 :
          Defendants                    :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 1\th day of May, 2011, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1.  Defendants' motion to dismiss (Doc. 17) Plaintiff's Complaint is **GRANTED IN PART.**

2.  Williams' monetary damage claims brought against Defendants in their official capacities are considered to be claims against the state itself and are barred by the Eleventh Amendment.

3.  Dismissal is granted in favor of Defendants Klopotoski and Mosier with respect to any claims solely stemming from their review of Plaintiff's grievances and administrative appeals.

4.  The motion to dismiss is granted with respect to any claim regarding the use of night security lights in Plaintiff's RHU cell.

11

5.    Plaintiff's contention that excessive use of the main lights in the
SCI-Dallas RHU violated his Eighth Amendment rights will
proceed.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court